## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-11-154-M |
| | ) | |
| SHAWN PAUL WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's 18 U.S.C. § 3582(c)(2) Motion for Sentence Reduction Pursuant to Amendment 782, filed March 12, 2015. On May 13, 2015, the government filed its response. On June 5, 2015, defendant filed a supplement to his motion. Based upon the parties' submissions, the Court makes its determination.

On August 4, 2011, the government filed a superseding information, charging defendant with conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846. On August 9, 2011, pursuant to a plea agreement, defendant pled guilty to the superseding information. On April 5, 2012, the Court held a sentencing hearing, found that defendant's sentencing guideline range was 120-150 months of imprisonment, and imposed a downward-variant sentence of 60 months of imprisonment. Defendant now moves this Court for a sentence reduction pursuant to 18 U.S.C. § 3582 and Amendment 782.

Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The United States Supreme Court has held that § 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3682(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Further, § 1B1.10(b) of the United States Sentencing Guidelines provides:

(b)    <u>Determination of Reduction in Term of Imprisonment</u>. –
    (1)    <u>In General</u>. – In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
    (2)    <u>Limitation and Prohibition on Extent of Reduction</u>. –
        (A)    <u>Limitation</u>. – Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

(B)    Exception for Substantial Assistance. – If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

(C)    Prohibition. – In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10(b).

Applying Amendment 782's revisions to the case at bar, defendant's new base offense level is 26. Applying defendant's original criminal history category of V to his new total offense level of 25 yields a revised guideline range of 100 to 125 months of incarceration. Because defendant's original sentence of 60 months of incarceration is less than the 100 month minimum of the revised guideline range and because defendant did not receive a reduction for substantial assistance, the Court finds that pursuant to United States Sentencing Guidelines §1B1.10(b)(2), defendant is not eligible for a sentence reduction.

In his motion, defendant contends that retrospective application of Section 1B1.10 in his case violates the *Ex Post Facto* Clause of the United States Constitution. Prior to November 1, 2011, Section 1B1.10(b)(2) did not contain the provision that a proportional departure/variance was limited to only those defendants who had received a reduction for substantial assistance. Defendant asserts that the amended Section 1B1.10 is "more onerous" than the Section 1B1.10 that was in effect when he committed his offense.

> The *ex post facto* prohibition forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.

*Weaver v. Graham*, 450 U.S. 24, 28 (1981) (internal quotations and citations omitted). Further,

> [c]ritical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.

*Id.* at 30.

> To implicate ex post facto concerns, amendments to the Sentencing Guidelines must present "a sufficient risk of *increasing* the measure of punishment attached to the covered crimes." *Peugh v. United States*, — U.S. —, 133 S.Ct. 2072, 2082, 186 L.Ed.2d 84 (2013) (emphasis added) (internal quotation marks omitted).

*United States v. Waters*, 771 F.3d 679, 680-81 (9th Cir. 2014).

While the Tenth Circuit has not addressed this issue, the Seventh, Ninth, and Eleventh Circuits have considered this issue and have found no violation of the *Ex Post Facto* Clause. *See United States v. Waters*, 771 F.3d 679 (9th Cir. 2014); *United States v. Diggs*, 768 F.3d 643 (7th Cir. 2014); *United States v. Colon*, 707 F.3d 1255 (11th Cir. 2013). In reaching its decision, the Seventh Circuit found:

> [b]y nature, a § 3582(c)(2) proceeding to reduce a sentence does not have any bearing on the ex post facto clause, because it cannot increase a punishment. On the contrary, a § 3582(c)(2) proceeding only applies when a change in sentencing has occurred which will make a law *more lenient*. In fact, the Supreme Court has specifically said in a related context that there is no constitutional requirement that entitled defendants to such retroactive application of a subsequent guidelines amendment. *Dillon v. United States*, 560 U.S. 817, 828, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010).

\*            \*            \*

> Thus, we think it clear that the amendment to the policy guidelines had no effect of increasing [defendant's] punishment, but merely attempted to limit the extent to which favorable amendments to the guidelines can reduce a sentence. It is true that this policy amendment does negatively impact [defendant's] sentence, but only because he is not among the narrow category of defendants to which this amendment retroactively applies, not because his punishment has been retroactively increased.

*Diggs*, 768 F.3d at 645-46 (emphasis in original).

For the reasons set forth by the Seventh Circuit, the Court finds that the application of the current version of Section 1B1.10(b)(2)(A) does not violate the *Ex Post Facto* Clause.

Accordingly, for the reasons set forth above, the Court DENIES defendant's 18 U.S.C. § 3582(c)(2) Motion for Sentence Reduction Pursuant to Amendment 782 [docket no. 419]. The AO 247 Form denying defendant's motion is filed simultaneously herewith.

**IT IS SO ORDERED this 10th day of September, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE